UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVSION

| | |
|---|---|
| BRIAN LYNGAAS, D.D.S., | 2:17-cv-12867-TGB-EAS |
| Plaintiff, | HON. TERRENCE G. BERG |
| vs. | |
| J. RECKNER ASSOCIATES, INC. d/b/a RECKNER HEALTHCARE, | ORDER DENYING DEFENDANT'S MOTION TO STAY AND GRANTING PARTIES' JOINT MOTION TO AMEND OR CORRECT SCHEDULING ORDER |
| Defendant. | |

This case arises from an unsolicited fax Defendant J. Reckner Associates, Inc. (d/b/a/ Reckner Healthcare) sent Plaintiff Brian Lyngaas, D.D.S. Plaintiff claims the fax was sent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and related Federal Communications Commission ("FCC") regulations. Defendant now asks the Court to stay this litigation until the FCC decides a petition for declaratory ruling filed by defendants in a similar case pending in the

1

United States District Court for the Southern District of Florida. *See* Def.'s Mot. to Stay, ECF No. 30. Additionally, both parties have asked the Court to amend or correct its January 18, 2018 Scheduling Order. *See* ECF No. 36. Because this Court finds the outcome of the FCC petition will not necessarily impact any ruling in this case, Defendant's motion to stay (ECF No. 30) will be **DENIED**. The parties' joint motion to amend or correct the Court's Scheduling Order (ECF No. 36) will be **GRANTED**.

## BACKGROUND

Plaintiff Brian Lyngaas, D.D.S. is a dentist in Livonia, Michigan. Pl.'s Compl. 2, ¶ 5, ECF No. 1. Defendant J. Reckner Associates, Inc. (d/b/a Reckner Healthcare) is a pharmaceutical market research company based in Pennsylvania. Pl.'s Compl. 3, ¶ 6, Exh. B. The instant litigation centers around an unsolicited January 5, 2017 fax communication Plaintiff received at his office. *See generally* Pl.'s Compl. That fax invited Lyngaas to participate in a 20-minute survey for healthcare professionals in return for a $30 check. Pl.'s Compl. at Ex. A. Reckner Healthcare acknowledges it sent this fax to Lyngaas but argues it was not an advertisement for purposes of the Telephone Consumer

2

Protection Act ("TCPA"). *See* Defs.' Br. in Supp. of Mot. to Dismiss, at 1, ECF No. 15. This Court rejected that argument in its order denying Reckner Healthcare's motion to dismiss. Jul. 31, 2018 Order, 9–10, ECF No. 29. In that opinion, the Court expressly found that the fax at issue is an advertisement for purposes of the TCPA. *Id.* at 10. ("Defendant is announcing its desire to hire Plaintiff to take its survey, in exchange for $30. As a matter of law, that's an advertisement.").

Reckner Healthcare now asks the Court to stay these proceedings until the FCC issues a declaratory ruling on a petition filed by the defendant in a case before the Southern District of Florida. *See* Def.'s Br. in Supp. of Mot. to Stay, 1–2, ECF No. 30. Like the present case, the Southern District of Florida case, *Comprehensive Health Care Sys. of the Palm Beaches, Inc. v. M3 USA Corp.*, involves a market research company that sent fax communications to healthcare professionals inviting them to participate in research surveys in return for compensation. 232 F.Supp.3d 1239 (S.D. Fla. Jan. 11, 2017) (denying defendant's motion to dismiss and dismissing as moot defendant's motion to stay); No. 16-80967, 2017 WL 4868185 (S.D. Fla. Oct. 6, 2017) (granting defendant's motion to stay proceedings pending FCC's ruling).

The Southern District of Florida defendant, M3 USA Corp., filed a petition for expedited declaratory ruling with the FCC on March 20, 2017 asking the agency to declare, among other things, that:

- "Market research surveys do not constitute property, goods or services vis-á-vis the persons taking the surveys under the TCPA; and

- Invitations to participate in market research surveys are not advertisements under the TCPA unless commercially-available property, goods or services are promoted in the fax itself or during the survey itself."

Pet. of M3 USA Corp. for Expedited Declaratory Ruling, CG Docket No. 02-278 (filed Mar. 20, 2017).

The Southern District of Florida court granted M3 USA Corp.'s motion to stay proceedings in that case until the FCC issues its declaratory ruling. *M3 USA Corp.*, 2017 WL 4868185, at *1. The agency opened a notice-and-comment rulemaking proceeding on the petition, but that period closed on May 15, 2017. Def.'s Br. in Supp. of Mot. to Stay, at 10. Almost two years after it was filed, the petition remains pending. There is no deadline by which the FCC must issue a ruling, nor has it been established that a ruling would affect the outcome of this case. Accordingly, the Court sees no compelling reason to stay proceedings in

this matter until the FCC issues a declaratory order on the petition filed by a defendant in another district, in a case involving different parties.

## DISCUSSION

The district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *AES-Apex Emp'r Serv., Inc. v. Rotondo*, No. 13-14519, 2015 WL 12990379, *1 (E.D. Mich. Jul. 24, 2015) (Cleland, J.) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). In determining whether to stay a matter pending resolution of independent proceedings which may bear upon the case at hand, the Court must balance the competing interests of "economy of time and effort for itself, for counsel, and for litigants." *Unroe v. Vilsack*, No. 2:11-cv-592, 2012 WL 3527219, *1 (S.D. Oh. Aug. 14, 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936)). In this case, the Court finds those considerations weigh in favor of denying Reckner Healthcare's motion for a stay.

This lawsuit was filed on August 30, 2017, several months after the Southern District of Florida defendant filed its petition for declaratory ruling with the FCC. Reckner Healthcare submitted its responsive pleading on October 3, 2017 and since then the parties have moved

5

towards completing discovery and engaged in substantial motion practice. Reckner Healthcare did not seek a stay until this Court denied its motion to dismiss based explicitly on its finding that the fax communication this lawsuit arises from is an advertisement within the meaning of the TCPA. *See* Jul. 31, 2018 Order, ECF No. 29. Because the Court has already found the fax is an advertisement, staying these proceedings until the FCC rules on the Southern District of Florida defendant's petition would serve no purpose but to delay resolution of this case.

Reckner Healthcare further urges that the primary jurisdiction doctrine should counsel the Court to stay these proceedings until the FCC issues its declaratory ruling. "Under the doctrine of primary jurisdiction, questions within the special competency of an administrative agency should be resolved by that agency." *Alltel Tenn., Inc. v. Tenn. Pub. Serv. Comm'n*, 913 F.2d 305, 309 (6th Cir. 1990) (citing *In re Long Distance Telecomm.*, 831 F.2d 627, 631 (6th Cir. 1987)). The principal reasons behind this doctrine are to benefit from the expertise and experience of administrative agencies and achieve uniformity in decisionmaking. *Id.* District courts should invoke this doctrine on a case-by-case basis "when

6

enforcement of a claim in court would require resolution of issues that have already been placed within the special competence of an administrative body." *Kiefer v. Paging Network, Inc.*, 50 F.Supp.2d 681, 683 (E.D. Mich. May 3, 1999) (Edmunds, J.). Again, this Court has already found that the fax communication Reckner Healthcare sent Dr. Lyngaas is an advertisement within the meaning of the TCPA. Jul. 31, 2018 Order, 9–10, ECF No. 29. Because the Court has made that determination, staying this case pending a decision from the FCC on a petition filed by the defendant in another case will not serve the goals of the doctrine of primary jurisdiction. Reckner Healthcare's motion to stay is therefore denied.

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Defendant J. Reckner Associates, Inc.'s (d/b/a/ Reckner Healthcare) motion to stay these proceedings (ECF No. 30) is **DENIED**. The joint motion to amend or correct the Court's January 18, 2018 Scheduling Order filed by Defendant and Plaintiff Brian Lyngaas, D.D.S. (ECF No. 36) is hereby **GRANTED**. As requested in the parties' joint motion to amend the Scheduling Order, the new discovery cutoff in this matter will

7

be March 5, 2019. Any motion for class certification must be submitted to the Court for consideration by March 19, 2019. Any dispositive motions must be filed within 35 days of this Court' ruling on the anticipated motion for class certification. Additional deadlines will be set as needed.

**SO ORDERED.**

Dated: January 10, 2019      s/Terrence G. Berg
                                                   TERRENCE G. BERG
                                                   UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on January 10, 2019, using the CM/ECF system, which will send notification to all parties.

                                                             s/Amanda Chubb
                                                             Case Manager