# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVSION

| | |
|---|---|
| **BRIAN LYNGAAS, D.D.S.**, <br><br>Plaintiff, <br><br>v. <br><br>**J. RECKNER ASSOCIATES, INC. d/b/a RECKNER HEALTHCARE**, <br><br>Defendant. | 2:17-cv-12867 <br><br>Hon. Terrence G. Berg <br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND EXTEND DISCOVERY AND MOTION DEADLINES** |

## ORDER

This case arises from an unsolicited fax message that Defendant J. Reckner Associates, Inc. (d/b/a/ Reckner Healthcare) sent to Plaintiff Brian Lyngaas, D.D.S. Plaintiff claims the fax violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 and regulations issued by the Federal Communications Commission ("FCC"). Plaintiff now wishes to amend his Complaint to add a new defendant, Calcivis, Ltd. *See* ECF No. 39. Plaintiff says he learned for the first time in February 2019 that Calcivis had hired defendant Reckner Healthcare to send the faxes that are at the heart of this litigation. Additionally, Plaintiff requests an

extension of deadlines in the Scheduling Order to allow time for discovery related to Calcivis. The Court will grant Plaintiff's motion, which is unopposed.

**DISCUSSION**

Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within" 21 days after serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f) motion, whichever is earlier." Otherwise, a party may amend its pleading only with written consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires."[1] *Id.*

In exercising its discretion as to whether to allow an amendment, "the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure

---

[1] Motions to amend pleadings are often subject to the dates established in a scheduling order issued under Rule 16(b) of the Federal Rules of Civil Procedure. That rule allows that deadlines for amending pleadings in such a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Here, however, the Scheduling Order contained no deadline by which the parties had to amend their pleadings.

deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 594, 605 (6th Cir. 2001). Though the standard for granting a motion to amend a complaint is liberal, the Sixth Circuit has held that a court should deny amendment if the proposed amended complaint would not survive a motion to dismiss. *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980).

On the facts before it, the Court finds justice requires permitting Plaintiff to amend his complaint. Defendant Reckner Healthcare disclosed, for the first time, in supplemental discovery responses dated February 8, 2019, that it had been hired by Calcivis to send the faxes at issue in this case. ECF No. 39 PageID.578. Then, on February 12, 2019, "Plaintiff took the deposition of the Defendant [Reckner Healthcare] and confirmed that Calcivis, Ltd hired Reckner to send the subject faxes." *Id.* The Court has no reason to believe that any bad faith or lack of diligence on the part of Plaintiff caused delay in the decision to add Calcivis to the suit. Further, permitting Plaintiff to amend his complaint at this time will not cause any undue prejudice to Defendant Reckner Healthcare,

which did not oppose Plaintiff's motion to amend. Finally, there is no reason to believe that this amendment would be futile or that the amended complaint would be unable to survive a motion to dismiss. For these reasons, the Court concludes that justice requires both granting Plaintiff's motion to amend its pleading and extending the deadlines contained in the existing Scheduling Order.

## CONCLUSION

For the foregoing reasons, Plaintiff Brian Lyngaas's motion to amend his complaint (ECF No. 39) is **GRANTED**. As requested by Plaintiff, the Court will also extend the deadlines in the existing Scheduling Order to allow time to conduct discovery related to newly added Defendant Calcivis, Ltd. The new discovery cutoff will be July 12, 2019 and the new deadline to file a motion for class certification will be July 26, 2019. Dispositive motions must be filed within 35 days of this Court's ruling on the anticipated motion for class certification. Additional deadlines will be set as needed.

**SO ORDERED.**

Dated: April 16, 2019

        s/Terrence G. Berg
        TERRENCE G. BERG
        UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on April 16, 2019, using the CM/ECF system, which will send notification to all parties.

        s/Amanda Chubb
        Case Manager